UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11705-RGS

LOCATEPLUS HOLDINGS CORPORATION

v.

STEVE SILVA

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION

August 9, 2004

STEARNS, D.J.

After a hearing, the motion for a preliminary injunction is DENIED, essentially on two alternate grounds. First, defendant Silva has filed an affidavit under oath with the court denying having ever signed a non-competition agreement with plaintiff LocatePlus Holdings Corp. (LocatePlus).[1] Although the first of the Reed affidavits contradicts Silva on this point, Reed's testimony appears based more on her customary practice in processing newly hired employees than on any specific recollection of the agreement itself. The Jewell affidavit, on the other hand, which recounts a conversation with Silva in which stated that he did not remember having such an agreement, lends some support to his denial. In any event, there is a heated dispute of fact on the issue, which is sufficient in and of itself to cast doubt on

---

[1] LocatePlus acknowledges that it is unable to produce an executed original or a copy of the agreement, but suggests that Silva "absconded" with the personnel file containing the missing agreement. There is scant evidence, at least for present purposes, that this is true.

the likelihood of plaintiff's eventual success on the merits.[2] See Geritrex Corp. v. Dermarite Indus. LLC, 910 F. Supp. 955, 965 (S.D.N.Y. 1996). Second, even had Silva signed the agreement, only by creative editing (of the kind in which plaintiff has indulged), can the agreement be read to prohibit Silva from working for a competitor of LocatePlus. Despite its ambiguous title, the agreement is a confidentiality and non-solicitation agreement, not a non-competition agreement. Plaintiff's statements to the contrary, non-solicitation agreements are fairly common.[3] See Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 156 (1999).

## ORDER

For the foregoing reasons: (1) the ex parte temporary restraining order entered by the Superior Court and extended by this court pending today's hearing is DISSOLVED; (2) the motion for a preliminary injunction is DENIED; and (3) the motion to strike will be held in abeyance pending the filing of a response.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[2] Silva's flat denial of signing the agreement, submitted under oath, exposes him to a prosecution for perjury should the denial be untrue. Cf. Munshani v. Signal Lake Venture Fund II, LP, 60 Mass. App. Ct. 714 (2004). Given this prospect, of which one presumes Silva is aware, the denial under oath has special force.

[3] While the court is of the view that no binding non-competition agreement is in place, whether executed by Silva or not, the matter is not definitively resolved by a trier of fact. Silva would be well-counseled to conduct himself in the interim as if bound by the confidentiality and non-solicitation provisions of the agreement.

UNITED STATES DISTRICT JUDGE