UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCATEPLUS HOLDINGS CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>STEVE SILVA,<br><br>    Defendant. | CIVIL ACTION<br><br>FILE NO. 04-11-705-RGS |

## ANSWER OF DEFENDANT STEVE SILVA
## TO PLAINTIFF'S VERIFIED COMPLAINT (corrected copy)

Defendant Steve Silva, through undersigned counsel and within the time allowed by law, hereby answers the Verified Complaint (corrected copy) of Plaintiff LocatePlus Holdings Corporation and asserts the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because he never signed the alleged Agreement with LocatePlus.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and release, estoppel, and/or unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in party by the fair competition privilege.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged agreement which forms the basis for Plaintiff's allegation of breach of contract against Defendant, and/or certain provisions of this agreement, are invalid, violate public policy, and/or are unenforceable under applicable law.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate its damages.

## SEVENTH DEFENSE

The Complaint should be dismissed for improper venue.

## EIGHTH DEFENSE

Any award of punitive damages to Plaintiff would violate the substantive and procedural safeguards guaranteed to Defendant by the United States and/or Massachusetts Constitutions; any punitive damages award is therefore barred.

## NINTH DEFENSE

Subject to each of the preceding defenses, Defendant answers the specific allegations of Plaintiff's Complaint below.

### Introduction

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff seeks both injunctive relief and damages in this action, but denies that Plaintiff is entitled to any such relief or damages. Defendant denies the remaining allegations in Paragraph 1.

### Parties

2. Defendant admits the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

## Facts Applicable to All Counts

4. Answering Paragraph 4 of the Complaint, Defendant admits that LocatePlus provides investigative solutions to law enforcement, legal professionals, licensed investigators, and other related businesses. Defendant further admits that LocatePlus is in the business of integrating and distributing data acquired from multiple public and non-public data sources. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant admits he was responsible for the development of wholesale or "channel" partners and that he had some knowledge of the LocatePlus proprietary database. Defendant denies any remaining allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

## Mr. Silva's Non-Competition Agreement

9. Answering Paragraph 9 of the Complaint, Defendant admits that he received multiple packages of personnel documents from different LocatePlus employees both before and after his first day on the job for LocatePlus. Defendant further admits that he received a blank copy of a document entitled "Confidentiality and Non-Compete Agreement." Defendant denies any remaining allegations in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Defendant denies that the quoted portions of the alleged Agreement are accurate representations of its language. Defendant denies the remaining allegations in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that his personnel file is

still missing and therefore denies that allegation. Defendant denies the remaining allegations in Paragraph 11.

### Mr. Silva Announces His Resignation

12. Answering Paragraph 12 of the Complaint, Defendant admits that he interviewed with multiple employers in the spring of 2004, including, but not limited to, ChoicePoint Inc. Defendant denies any remaining allegations in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Defendant admits that he met with Mr. Latorella on July 6, 2004, and told him he was resigning effective July 16, 2004. Defendant denies the remaining allegations in Paragraph 13.

14. Answering Plaintiff 14 of the Complaint, Defendant admits that he spoke to Mr. Fields prior to his last day of employment and that he told Mr. Fields he had multiple options. Defendant denies the remaining allegations in Paragraph 14.

15. Answering Plaintiff 15 of the Complaint, Defendant admits that he spoke with Mr. Fields about an opportunity at Loislaw and that Fields stated he thought that Silva's working for Loislaw would violate the provisions of a contract between LocatePlus and Loislaw. Defendant denies the remaining allegations in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendant admits that he spoke to Ms. Reed prior to his last day of employment and that he told her he had multiple options. Defendant denies the remaining allegations in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits that he spoke to Ms. Yahoodik prior to his last day of employment and that he told her he was going to work for ChoicePoint. Defendant denies the remaining allegations in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendant admits that ChoicePoint competes with LocatePlus in certain specific markets and with respect to certain products. Defendant denies the remaining allegations in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendant admits that Mr. Latorella met with him on his last day of employment, that Mr. Latorella alleged that LocatePlus had a signed non-compete agreement from Defendant, that Defendant told Mr. Latorella that he had offers from multiple companies, and that Mr. Latorella told him that working for Loislaw would violate his alleged agreement, but that LocatePlus would not enforce the alleged agreement if he chose to work at Loislaw. Defendant denies the remaining allegations in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendant admits that Mr. Latorella at one point offered Defendant an unspecified amount of "severance" if he would agree not to work for a competitor. Defendant further admits that he did not accept this unspecified offer. Defendant denies any remaining allegations in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendant admits only that he did not at any time tell Mr. Fields that he had decided to work for ChoicePoint. Defendant denies any remaining allegations in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Defendant admits that he did not advise either Mr. Fields or Mr. Latorella that he intended to work for ChoicePoint. Defendant denies any remaining allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

**Post-Separation Misconduct**

24. Answering Paragraph 24 of the Complaint, Defendant admits that he began performing duties for ChoicePoint on or about July 19, 2004. Defendant denies any remaining allegations in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Defendant admits that he attended a meeting with representatives for InfoUSA, Inc. and other ChoicePoint employees on or about July 20, 2004. Defendant denies any remaining allegations in Paragraph 25.

## COUNT I

**(Breach of Contract by Mr. Silva)**

26. Answering Paragraph 26 of the Complaint, Defendant incorporates herein each and every answer and defense set forth above in response to Paragraphs 1 through 25 of the Complaint.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## COUNT II

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

31. Answering Paragraph 31 of the Complaint, Defendant incorporates herein each and every answer and defense set forth above in response to Paragraphs 1 through 30 of the Complaint.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

## COUNT III

### (Breach of Common Law Duties of Loyalty, Fiduciary Duty and Duty to Preserve Confidential and Proprietary Information by Mr. Silva)

35. Answering Paragraph 35 of the Complaint, Defendant incorporates herein each and every answer and defense set forth above in response to Paragraphs 1 through 34 of the Complaint.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## COUNT IV

### (M.G.L. Ch. 93 § 42-Misappropriation of Trade Secrets)

39. Answering Paragraph 39 of the Complaint, Defendant incorporates herein each and every answer and defense set forth above in response to Paragraphs 1 through 38 of the Complaint.

40. Answering Paragraph 40 of the Complaint, Defendant admits that he was privy to some information regarding product development, client relationships, and sales and marketing strategies in his position as Vice President of Business Development at LocatePlus, but denies that he was privy to any information that constitutes trade secrets under the law. Defendant denies any remaining allegations in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendant admits that he is currently employed by ChoicePoint, but denies that ChoicePoint is "a company in direct competition with LocatePlus" in a number of markets and with respect to a number of products. Defendant denies any remaining allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

## COUNT V

### (Conversion)

46. Answering Paragraph 46 of the Complaint, Defendant incorporates herein each and every answer and defense set forth above in response to Paragraphs 1 through 45 of the Complaint.

47. Answering Paragraph 47 of the Complaint, Defendant admits that LocatePlus provided certain equipment and made certain company records and certain company information available to him during the course of his employment at LocatePlus. Defendant denies the remaining allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Answering Paragraph 49 of the Complaint, Defendant denies that LocatePlus has ever demanded the return of any specific equipment or information or even identified what equipment and information they believe Defendant has taken, and therefore denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Any allegations contained in the Complaint not otherwise admitted or denied above are hereby denied.

### Prayer for Relief

54. Answering Plaintiff's Prayer for Relief following Paragraph 52 of the Complaint, Defendant denies that Plaintiff is entitled to any legal, equitable or other relief, including, but not limited to, the relief identified in the seven-numbered paragraphs contained therein.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and that judgment be rendered against Plaintiff and in favor of Defendant, with all costs and reasonable attorneys' fees.

Respectfully submitted, this 12th day of August, 2004.

*[signature]*
Mary W. O'Connor
(BBO #541708)
Michelle A. Bernstein
(BBO #637884)
Gaffin, Krattenmaker & O'Connor, P.C.
2400 Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
(617) 437-6530

Stephen W. Riddell
Georgia Bar No. 604810
Charlie A. Hawkins
Georgia Bar No. 338680
Jeffery E. Robertson
Georgia Bar No. 609739
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Phone: (404) 885-3000
Fax: (404) 962-6515

Attorneys for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing **ANSWER OF DEFENDANT STEVE SILVA TO PLAINTIFF'S VERIFIED COMPLAINT (corrected copy)** has been served on all parties by United States mail, postage prepaid, addressed as follows:

> Mark M. Whitney, Esq.
> Corrine L. Hood, Esq.
> Morgan, Brown, & Joy, LLP
> One Boston Place
> Boston, Massachusetts 02108-4472

This 12th day of August, 2004.

_____
Michelle A. Bernstein

{00017461.DOC}00017461.DOC