UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11705-RGS

LOCATEPLUS HOLDING CORPORATION

v.

STEVE SILVA

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO STRIKE

September 9, 2004

STEARNS, D.J.

On July 23, 2004, LocatePlus Holding Corporation (LocatePlus) filed this Complaint against a former employee, Steve Silva, seeking to enforce the terms of a non-competition agreement. On August 9, 2004, after conducting a hearing, the court denied LocatePlus' motion for a preliminary injunction. The court ruled that LocatePlus had failed to establish a likelihood of success on the merits because of factual allegations casting doubt on whether Silva had ever signed the agreement. (Silva swears under oath that he did not). Following the hearing, LocatePlus moved to strike a portion of a supporting affidavit filed by Silva in which he recounts a conversation with a LocatePlus attorney, Mark Whitney. Whitney had represented Silva (as an employee of LocatePlus) during the investigation of a discrimination claim brought by another employee. According to Silva, during a conversation following an interview with an EEOC investigator, he told Whitney that he had not signed the agreement. LocatePlus argues that the discussion between Silva and Whitney falls within the attorney-client privilege and that Silva has no right to waive the privilege on its behalf.

"What the attorney-client privilege protects is communication between the lawyer and the client (privileged persons) made in confidence '[f]or the purpose of obtaining [on the part of the client] or providing [on the part of the lawyer] legal assistance for the client.'" Rent Control Bd. of Cambridge v. Praught, 35 Mass. App. Ct. 290, 296 (1993), citing Restatement of the Law Governing Lawyers § 118 (Tentative Draft No. 1, 1988).  The conversation recited in Silva's affidavit regarding the non-competition agreement neither related to the subject matter of Whitney's representation (the discrimination claim) nor had any connection to the obtaining or rendering of legal advice.  As recounted, the conversation consisted of a casual sharing of complaints about administrative shortcomings in LocatePlus' Human Resources Department.  Cf.  Borase v. M/A COM, Inc., 171 F.R.D. 10, 14 (D. Mass. 1997) ("[T]he attorney-client privilege attaches only when the attorney acts in that capacity. . . . It does not apply when in-house counsel is engaged in 'nonlegal work.' Such 'nonlegal work' would include the rendering of business or technical advice unrelated to any legal issues.").  Consequently, the motion to strike is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE