ORIGINAL

FILED
IN CLERKS OFFICE

2004 OCT -7  A 8:46

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOCATEPLUS HOLDINGS                    )
CORPORATION,                           )
                                       )
     Plaintiff,                       )    CIVIL ACTION
                                       )
v.                                     )    FILE NO. 04-11-705-RGS
                                       )
STEVE SILVA,                           )
                                       )
     Defendant.                       )
_____)

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THIS COURT'S DENIAL OF MOTION TO STRIKE PORTIONS OF DEFENDANT SILVA'S AFFIDAVIT

Defendant Steve Silva, through undersigned counsel, respectfully submits his Brief in Opposition to Plaintiff's Motion to Reconsider This Court's Denial of its Motion to Strike Portions of Defendant Silva's Affidavit ("Plaintiff's Motion"). As discussed in more detail below, Plaintiff's Motion is groundless.

### I.   INTRODUCTION AND BACKGROUND

This action revolves around an alleged written restrictive covenant agreement between Silva and his former employer, LocatePlus. Although the agreement is vital to Plaintiff's claims, its mere existence is vehemently denied by Silva. In support of his sworn testimony that he never signed the agreement, Silva recounted a conversation with Plaintiff's lead counsel, Mark Whitney, in which Silva told Whitney that he never signed the agreement. Predictably, given the obvious probative value of this testimony, Plaintiff moved to strike it from Silva's affidavit on August 9, 2004, the same day this Court heard arguments on Plaintiff's motion for a preliminary injunction.

After hearing Plaintiff's arguments that the testimony was subject to the attorney-client privilege, the Court instructed Silva to submit a brief in response to the motion to strike. Silva did so on August 23, demonstrating that no privilege attached to the testimony in question because 1) Silva was not seeking any form of advice from Whitney; 2) the conversation at issue involved only administrative, not legal, matters; and 3) even if the testimony were somehow privileged, Plaintiff had waived that privilege by placing the conversation at issue in this case. On August 30, Plaintiff filed a Motion for Leave to File a Reply and simultaneously attached a reply brief as an exhibit thereto. More than a week later, on September 9, the Court entered an Order denying Plaintiff's motion to strike on the grounds that the conversation did not relate to the subject matter of Whitney's investigation and did not have any connection to obtaining or rendering legal advice. Plaintiff filed its motion to reconsider that denial on September 23.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Courts entertain motions for reconsideration under rare circumstances. In fact, "[m]otions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." Chavez-Organista v. Vanos, 208 F.Supp.2d 174, 176 (D.P.R. 2002)(citations omitted). Here, we have a perfect example of why federal courts are reluctant to entertain such motions. It is beyond dispute that there has been no newly discovered evidence or intervening change in the applicable law here. Rather, Plaintiff here simply complains that it cannot tell whether this Court considered its reply prior to denying its motion,[1] enumerates instances where the Order did not specifically address cases or arguments raised in that reply, and generally criticizes the Court's conclusions as stated in the Order.

---

[1] Defendant, of course, is in no position to determine what the Court did or did not review or consider prior to issuing its decision. Defendant notes, however, that Plaintiff's reply was attached to its August 30 motion for leave and that the Court did not issue its decision until 10 days after those documents were filed.

Plaintiff's first argument, that the hypothetical failure to review its reply brief somehow justifies its motion for reconsideration, is fundamentally flawed because it ignores the fact that parties are not entitled to a reply as a matter of right. Local Rule 7.1(b)(3) states "[a]ll other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." Plaintiff is well aware of the rule, as it moved for leave of court pursuant to 7.1(b)(3) when it submitted its reply on August 23. Nevertheless, Plaintiff now seeks a fourth bite at the apple[2] on the same issue by filing a motion to reconsider premised on an assumption that the Court did not review a reply brief that it had no obligation to review in the first place.

Plaintiff follows this fundamentally flawed premise by rearguing the Borase decision that had been cited in previous briefs by both parties and in the Order. Borase v. M/A COM, Inc., 171 F.R.D. 10, 14 (D. Mass. 1997). Specifically, Plaintiff attempts to draw distinctions between the instant case and Borase that are immaterial and that have already been considered by the Court. Plaintiff complains that the Order did not explicitly address whether it was entitled to a presumption of privilege under Borase and that the Order did not address a distinction between in-house and outside counsel. Plaintiff's Motion at ¶ ¶ 5-8. Plaintiff asserts this argument despite the fact that the Order cites the case Plaintiff primarily relies on in its motion to reconsider and even quotes a portion of Borase that explicitly states the decision involved communications with in-house counsel. *See* Order, p. 2. In short, Plaintiff apparently believes that the Court either misinterpreted or ignored every aspect of Borase that the Court did not explicitly address in its two-page Order.

---

[2] As noted above, Plaintiff has argued the privilege issue in its initial motion to strike and memorandum in support, at the August 9 hearing, in its reply, and now in the instant motion.

1384287_1.DOC

Next, Plaintiff attacks a case that was cited in the Order for the fundamental proposition that the attorney-client privilege protects communications between a lawyer and client made in confidence for the purpose of obtaining or providing legal assistance to the client. Plaintiff's Motion at ¶ 9. Although Plaintiff does not and cannot dispute that this is an accurate statement of the law, it actually argues the decision is "inapposite" because it did not arise in the "corporate context." Id. Plaintiff, however, fails to explain how the conversation in which Silva told Whitney he never signed the agreement somehow falls into the category of communication described above.

Finally, Plaintiff simply disagrees with the Court's reading of the affidavit in question, claims that the Court "misinterprets the nature of the conversation Silva alleges to have taken place in Paragraph 9 of his affidavit," and argues that it is somehow impossible for Whitney and a LocatePlus executive to have a non-privileged conversation about administrative functions because of Whitney's role as outside counsel. Plaintiff's Motion at ¶ ¶ 10-11.

## III.    CONCLUSION

Even a cursory examination of these arguments makes it clear that there is no reason for this Court to reconsider its decision. Plaintiff's Motion to Reconsider should therefore be denied.

Respectfully submitted, this __6th__ day of October, 2004.

_____
Stephen W. Riddell
Georgia Bar No. 604810
Charles A. Hawkins
Georgia Bar No. 338680
Jeffery E. Robertson
Georgia Bar No. 609739
TROUTMAN SANDERS LLP
5200 Bank of America Plaza

- 4 -

600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Phone: (404) 885-3000
Fax: (404) 962-6515


Mary W. O'Connor
(BBO #541708)
Michelle A. Bernstein
(BBO #637884)
Gaffin, Drattenmaker & O'Connor, P.C.
2400 Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
(617) 437-6530

Attorneys for Defendant

1384287_1.DOC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THIS COURT'S DENIAL OF MOTION TO STRIKE PORTIONS OF DEFENDANT SILVA'S AFFIDAVIT** has been served on all parties by facsimile and United States mail, postage prepaid, addressed as follows:

> Mark M. Whitney, Esq.
> Corrine L. Hood, Esq.
> Morgan, Brown, & Joy, LLP
> One Boston Place
> Boston, Massachusetts 02108-4472

This _6th_ day of October, 2004.

_____
Jeffery E. Robertson