UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LOCATEPLUS HOLDINGS CORPORATION,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 04-11705-RGS |
| **STEVE SILVA,** | |
| **Defendant**. | |

## JOINT STATEMENT FOR LOCAL RULE 16.1 CONFERENCE

**I.   PRELIMINARY STATEMENT**

The parties certify that they have conferred prior to the scheduling conference for the purpose of: (1) preparing an agenda of matters to be discussed at the conference; (2) preparing a proposed pretrial schedule and discovery plan; and (3) considering whether they consent to trial by magistrate judge. Certification required by Local Rule 16.1(D)(3) will be filed separately. Pursuant to Local Rule 16.1(D), the parties have conferred and jointly propose the following:

**II.   AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE**

The parties suggest that the following matters be discussed at the Scheduling Conference:

- Proposed pretrial schedule;

- Plaintiff's request to conduct the proceedings in two phases, to address issues and resolve important issues relating to injunctive relief early;

- Trial date;

- Possible consent to trial by magistrate judge; and

- Any other matters.

### III.  DISCOVERY/PRE-TRIAL PLAN

The parties disagree about appropriate dates for a discovery plan and separately state their positions as follows:

**<u>Plaintiff's Position</u>**

It both fair and practical to conduct these proceedings in two phases, to first resolve the key fact question preventing this Court from granting injunctive relief and to then address plaintiff's claims that seek monetary relief in a second phase, as set forth below:

Injunctive Relief Phase

Plaintiff submits that the determination of one key factual issue could resolve the crucial question of whether plaintiff is entitled to injunctive relief against defendant Silva on the remaining restrictive covenants in the contract (i.e., the nonsolicitation and confidentiality provisions).  As such, plaintiff requests the following:

- An abbreviated discovery period for any discovery on the issue of whether Silva signed the contract at issue or not -- discovery on this issue to be closed on December 3, 2004;[1]

---

[1]   Plaintiff further submits that this phase of the case could be completed without any discovery; defendant disagrees.

- Expedited scheduling of a trial in the month of December 2004 on the sole issue of whether Silva signed the contract.

Monetary Relief Phase

Plaintiff proposes the following pre-trial schedule for examination and resolution of its claims that seek monetary damages:

- Plaintiff agrees with defendant's proposed deadlines (set forth below), provided they are held to apply solely to the portion of the case that seeks an award of monetary relief.

**Defendant's Position**

The defendant submits that a single pre-trial phase is appropriate and proposes the following pre-trial schedule:

- Automatic disclosures to be served by November 5, 2004.
- Discovery to be completed by May 6, 2005.
- Plaintiff's expert disclosure to be completed by March 11, 2005.
- Defendant's expert disclosure to be completed by April 1, 2005.
- All expert depositions to be completed by May 6, 2005.

Counsel will appear at the Scheduling Conference prepared to schedule further pretrial conferences and the trial date(s).

**IV.     PROPOSED SCHEDULE FOR FILING OF MOTIONS**

- Motions to amend pleadings to be filed by February 11, 2005.
- All dispositive motions to be filed by May 27, 2005; responses to be filed by June 10, 2005; replies to be filed by June 17, 2005.

**V.     SETTLEMENT DEMAND**

Pursuant to Local Rule 16.1(c), the parties have exchanged settlement proposals and are continuing to explore avenues for settlement.  The parties will be prepared to discuss settlement further at the Scheduling Conference.

**VI.    TRIAL BY MAGISTRATE**

Plaintiff is willing to try this case before a Magistrate, and suggests that it especially makes sense to do so for the purpose of resolving the "injunctive phase" of these proceedings as expeditiously as possible.

Defendant does not agree that the case should be tried by a Magistrate.

- 5 -

Respectfully submitted,

| | |
|---|---|
| **LOCATEPLUS HOLDINGS CORPORATION**, | **STEVEN SILVA,** |

/s/ Mark M. Whitney
_____
Mark M. Whitney, Esq.
BBO # 637054
**MORGAN BROWN & JOY, LLP**
One Boston Place
Boston, MA 02108
Phone (617) 523-6666
Fax (720) 293-9696
*Counsel for Plaintiff*

/s/ Mary W. O'Connor
_____
Mary W. O'Connor, Esq.
BBO # 541708
**GAFFIN, KRATTENMAKER & O'CONNOR P.C.**
2400 Prudential Tower
800 Boylston Street
Boston, MA  02199
Phone (617) 437-6530
Fax (617) 437-9419
*Local Counsel for Defendant*

/s/ Jeffrey E. Robertson (by Mark M. Whitney, with his express permission)
_____
Charles A. Hawkins, Esq., *admitted pro hac vice*
Jeffrey E. Robinson, Esq., *admitted pro hac vice*
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA  30308-2216
Phone (404) 885-3091
*Co-counsel for Defendant*

Dated:  October 20, 2004